IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Hector Luis Pagan,<br>    Petitioner, | )<br>)<br>) |
| v. | )    1:11cv1037 (AJT/IDD) |
| Loretta Kelly,<br>    Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION

Hector Luis Pagan, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction following a guilty plea in the Circuit Court of Arlington County. On December 20, 2011 respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted in part and denied in part, and the petition must be dismissed without prejudice for failure to exhaust pursuant to 28 U.S.C. § 2254(b).

### I. Background

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court for Arlington County, Virginia entered on September 29, 2009. CR07-1131 – CR07-1133. Following a plea agreement, petitioner pled guilty to rape and two counts of abduction with intent to defile. Id. The trial court sentenced petitioner to three consecutive life sentences. Id. Petitioner filed a motion for reconsideration of his sentences, which the trial court denied.

Petitioner appealed his conviction to the Court of Appeals of Virginia, arguing that the trial court erred when it considered testimonial evidence of unadjudicated crimes during sentencing. See Pet. for Appeal at 1. The Court of Appeals granted petitioner's appeal. R. No. 2420-09-4, July 6, 2010. After briefing and oral arguments, the Court of Appeals affirmed petitioner's convictions, finding that even if the testimony were inadmissible, such error was harmless because the trial court "repeatedly stated" that its decision to sentence petitioner to three consecutive life sentences was based on his history as a career criminal and his lack of remorse, and was not based on the testimony regarding unadjudicated crimes. R. No. 2420-09-4 at 6, Aug. 27, 2010. Petitioner appealed this decision to the Supreme Court of Virginia, which denied his appeal on July 6, 2011. R. No. 110254.

On September 21, 2011, petitioner filed the instant petition raising the following claims:[1]

> (1) Petitioner was denied due process because the trial court judge "refused to allow him to present relevant exculpatory evidence and such evidence will prove that the Commonwealth key witnesses had not been subjected to clos [sic] examination . . . and that action resulted in a prejudice and it is a violation of the V, VI, and XIV Amendment[s] of the United States Constitution. Whether petitioner's assertion of due process raised a material issue under VI and XIV amendments because the trial court should not consider this evidence in sentencing petitioner because the evidence had not been subjected to c[r]oss-examination by the petitioner['s] counsel." Pet. at 6.
>
> (2) Petitioner was denied due process because the trial court judge failed to take any action in order to protect petitioner's fundamental constitutional rights when "admitting unadjudicated criminal acts as the evidence was double hearsay that lacked indicia of reliability." Petitioner alleges that this violated his rights under "VI and XIV Amendment[s] of the United State[s]." Pet at 7.

---

[1] In some instances petitioner's claims are difficult to follow. To avoid mischaracterizing the claims, several of them are reproduced exactly as written by petitioner.

2

(3) Petitioner's due process rights were violated because the trial judge "impos[ed] his arbitrary determination upon the relevant . . . facts and his decision or determination was not harmless." Id.

(4) Petitioner was denied due process because the trial court judge failed and refused "to allow[] the relevant key character witnesse[s] to testify and . . . those witnesses was [sic] the key nature of the case." Id.

(5) "Whether the appeal court's unreasonabl[y] committed due process by improperly considering the trial court decision upon disputed . . . evidence of unadjudicated criminal conduct, whether such evidence was double hearsay without indicia of reliability." Id.

(6) Whether the Court of Appeals violated petitioner's rights under the Sixth and Fourteenth Amendments by concluding that any error committed by the trial court was harmless. Id. at 8.

(7) "Whether petitioner's assertion of due process raise[s] a material issue under the VI and XVI Amendment[s] because the trial court should not consider this unadjudicated criminal acts as the evidence in sentencing . . . because the evidence had not been subjected to c[r]oss examination." Id.

## II. Exhaustion

In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court must first determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a federal petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the

3

state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

In this case, petitioner failed to present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia, therefore his claims are unexhausted. Respondent argues that his claims are also procedurally defaulted pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), cert denied 419 U.S. 1108 (1975), which held that claims that could have been raised at trial or on direct appeal, but were not, are barred from state collateral review. However, respondent's argument overlooks the fact that although the factual bases of petitioner's claims are alleged trial errors, the claims are expressed as violations of petitioner's rights to due process. Thus, petitioner's claims ostensibly are claims of constitutional dimension, and such claims are appropriately brought in a state habeas petition. Thus, at this juncture it would be premature to conclude that petitioner's claims would be barred by Slayton v. Parrigan if petitioner brought them in a state habeas corpus petition.

Furthermore, petitioner can still file a timely state habeas petition. Virginia Code § 8.01-654(A)(2) provides that a state habeas petition must be filed "within two years from the date of final judgment in the trial court or within one year from . . . final disposition of the direct appeal in the state court . . . whichever is later." In this case, petitioner's conviction became final on September 29, 2009, and the final disposition of his direct appeal occurred on July 6, 2011. Therefore, petitioner has until July 6, 2012 to timely file a state habeas corpus petition. Accordingly, the petition will be dismissed without prejudice for failure to exhaust all claims before the Supreme Court of Virginia. Respondent's Motion to Dismiss will be granted on the ground that petitioner's claims are unexhausted, but will be denied insofar as it argues that petitioner's claims are also procedurally defaulted.

### III. Outstanding Motions

Also before the Court is petitioner's "Motion for Amended Petition." Because the petition will be dismissed, this Motion will be denied as moot.

### IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted in part and denied in part, and this petition will be dismissed for failure to exhaust all claims before the Supreme Court of Virginia. An appropriate Order shall issue.

Entered this __13__ day of __March__ 2012.

Alexandria, Virginia

_/s/_
Anthony J. Trenga
United States District Judge